UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMAZIAH TRENTON,<br><br>        Plaintiff,<br><br>v.<br><br>CARMAX, INC. et al.,<br><br>        Defendants. | Case No.: 21-CV-1993-CAB-MSB<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br>[Doc. No. 2] |

  On November 26, 2021, Plaintiff, a non-prisoner appearing pro se, filed a complaint alleging that on September 14, 2021, Defendants refused to let Plaintiff leave after he attempted to deliver an automobile to a Carmax location in Escondido, California. Plaintiff did not pay the filing fee and instead applied to proceed *in forma pauperis* ("IFP"). For the following reasons, the application to proceed IFP is denied.

  Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.

2015).  "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted).  The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In his application, Plaintiff states that he currently has no income and has not had any income for the past 12 months.  Yet the application also lists gross monthly pay of $3,000 and $8,000 from jobs Plaintiff held within the past two years, and the complaint itself indicates that Plaintiff was employed on September 14, 2021, the date of the incident giving rise to his claim.  Meanwhile, the application lists no debts or financial obligations, stating only that Plaintiff's monthly expenses are $0 and that he lives with a parent.  In light of the foregoing, the Court finds the application not credible with respect to the representation that Plaintiff has had no income over the past 12 months and that he currently has no living expenses (either paid for by him or by someone else).

Based on the lack of credibility and the lack of "particularity, definiteness and certainty" in the information provided, the court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.  Accordingly, Plaintiff's application to proceed IFP is **DENIED** without prejudice. Plaintiff shall have until **January 7, 2022**, to pay the entire filing fee or file a renewed application to proceed IFP that provides complete and accurate information concerning Plaintiff's income, assets, and expenses.  Failure to pay the filing fee or file a renewed application to proceed IFP will result in this case being closed without further order from the court.

It is **SO ORDERED**.

Dated:  November 30, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge