UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMAZIAH TRENTON,<br><br>  Plaintiff,<br><br>v.<br><br>CARMAX, INC., et al.,<br><br>  Defendants. | Case No.: 21-CV-1993-JO-MSB<br><br>**ORDER CONSTRUING MOTION FOR INTERLOCUTORY APPEAL AS MOTION TO RECONSIDER IFP MOTION AND SUBMITTING IFP MOTION TO THE COURT** |

  Plaintiff moved for leave to file an interlocutory appeal of the Court's November 30, 2021 order denying his motion to proceed *in forma pauperis* ("IFP"). For the reasons explained, the Court construes the motion for leave to file interlocutory appeal as a motion to reconsider his IFP motion and submits the IFP motion for consideration.

  Plaintiff filed his complaint alleging false imprisonment and negligent failure to train employees on November 26, 2021, and moved to proceed *in forma pauperis* ("IFP"). U.S. District Judge Bencivengo denied without prejudice his IFP application on grounds that his affidavit lacked credibility, due to conflicting facts about his income within the

prior twelve months, and for a lack of "particularity, definiteness, and certainty" in the information provided to support a finding that Plaintiff is impoverished. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The Court granted Plaintiff time, until January 7, 2022, to either pay the filing fee or to file a renewed application to proceed IFP.

Plaintiff filed an objection to the Court's denial of IFP and moved for a new judge. The Court denied the motion for recusal and reiterated to Plaintiff that he had leave until January 7, 2022, to pay the filing fee or to submit a renewed IFP application, including all of the requested information about income, expenses, and debt. The Court explained that if Plaintiff believed the denial without prejudice of IFP was incorrect, he could either pay the filing fee or could submit a renewed and complete IFP application.

The case was transferred to the undersigned on January 3, 2022. Plaintiff did not pay the filing fee or submit a renewed IFP application before January 7, 2022. On February 7, 2022, Plaintiff, proceeding *pro se*, moved for leave to file an interlocutory appeal of the Court's order denying IFP. There, Plaintiff reiterated that he made multiple assertions that he is unable to pay the filing fee and stated that his bank account now has a negative balance.

For these reasons, the Court finds that the interests of justice weigh in favor of construing *pro se* Plaintiff's motion for leave to file an interlocutory appeal [7] as a motion to reconsider the denial of his IFP motion. The Court will issue an order reconsidering the IFP in due course.

**IT IS SO ORDERED**.

Date: 2/10/22

Honorable Jinsook Ohta
U.S. District Court