UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AMAZIAH TRENTON, | Case No.: 21cv1993-JO-MSB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| CARMAX, INC. et. al., | |
| Defendants. | |

Plaintiff sought reconsideration of the Court's Oder denying Plaintiff's application to proceed *in forma pauperis*. For the reasons stated below, the Court GRANTS Plaintiff's request for reconsideration [Dkt. 7] and GRANTS Plaintiff's motion to proceed *in forma pauperis* [Dkt. 2].

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on November 26, 2021, alleging false imprisonment and negligent failure to train employees and moved to proceed *in forma pauperis* ("IFP"). Dkts. 1, 2. On November 30, 2021, U.S. District Judge Bencivengo denied Plaintiff's IFP application without prejudice on the grounds that his affidavit lacked credibility regarding income and lacked "particularity, definiteness and certainty[.]" *See* Dkt. 3; *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). The Court granted Plaintiff until January 7, 2022 to either pay the filing fee or file a renewed application to proceed IFP. Dkt. 3. On December 20, 2021, Plaintiff filed an

objection to the Court's denial of IFP and moved for a new judge. Dkt. 4. The Court denied the motion on December 27, 2021, and reiterated the January 7, 2022 deadline. Dkt. 5.

On January 3, 2022, the case was transferred to the undersigned and all dates before Judge Bencivengo were vacated. Dkt. 6. On February 7, 2022, Plaintiff filed a motion to file an interlocutory appeal of the Court's November 30 Order. Dkt. 7. For the reasons described in the Court's February 10, 2022 Order, the Court found that the interests of justice weighed in favor of construing Plaintiff's motion as a motion to reconsider the denial of his IFP application. Dkt. 8.

## II. DISCUSSION

The Court liberally construes *pro se* Plaintiff's request as one for reconsideration under Federal Rule of Civil Procedure 60(b)(1) based on Plaintiff's allegations that the Court misunderstood his indigent status. Dkt. 7 at 4, 9. Reconsideration under Federal Rule of Civil Procedure 60(b) may be granted if there is (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) a void judgment, (5) a satisfied judgment, or (6) any other reason justifying relief. Rule 60(b)(1) allows the Court to relieve a party from an order based on mistakes, including the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). To obtain relief under Rule 60(b)(1), Plaintiff "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).

///
///
///
///
///
///

Plaintiff argues he made a sufficient showing of his inability to pay filing fees in his affidavit supporting his IFP application. Under *Escobedo v. Applebees*, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." 787 F.3d 1226, 1234 (9th Cir. 2015). Plaintiff filed an affidavit which alleged "with some particularity, definiteness and certainty" that his average income in the prior twelve months was $0, his bank account had negative funds, and he could not afford the filing fees associated with this action. *See* Dkt. 2; *Escobedo*, 787 F.3d at 1234 (citation omitted). The Court finds that these statements are sufficient under 28 U.S.C. § 1915(a) and *Escobedo*.[1] Moreover, the fact that Plaintiff has been gainfully employed for certain periods within the prior two years does not necessarily conflict with Plaintiff's averments regarding his *current* poverty status. Therefore, upon reconsideration, Plaintiff's motion to proceed IFP is granted.

## III. CONCLUSION

For the reasons stated above the Court GRANTS Plaintiff's motion for reconsideration [Dkt. 7] and modifies its November 30, 2021 Order as described above. Plaintiff is permitted to prosecute this action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file Plaintiff's Complaint without prepayment of the filing fee, issue a summons, and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S.

---

[1] *See, e.g., Ahmed v. Arizona Dep't of Transportation*, 687 F. App'x 672 (9th Cir. 2017) (finding district court abused its discretion by denying IFP application where filing fee was $400 and declaration showed monthly income of $425); *Reedom v. Soc. Sec. Admin.*, 668 F. App'x 753 (9th Cir. 2016) (finding district court abused its discretion by denying IFP application where filing fee was $400 and declaration showed monthly income of less than $500); *Merkley v. Idaho*, 617 F. App'x 823, 824 (9th Cir. 2015) (finding district court abused its discretion by denying IFP application without adequate "support in the record to conclude that [plaintiff] had access to sufficient funds to pay the court costs and his basic needs").

Marshal Form 285.  Plaintiff shall complete the U.S. Marshal Form 285 and forward the Form 285 and designated copies of this Order and the Complaint to the U.S. Marshal.  The U.S. Marshal shall serve a summons and a copy of the Complaint on all Defendants as directed by Plaintiff on the Form 285.  All costs of service shall be advanced by the United States.

**IT IS SO ORDERED.**

Dated: 4/8/22

_____
Hon. Jinsook Ohta
United States District Court